# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DENYSE M. SCHUMACHER, <br><br> Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 17-CV-2055-LRR <br><br> **REPORT AND RECOMMENDATION** |

_____

Plaintiff Denyse M. Schumacher's application for disability insurance (DI) benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, is before the court for a second time: the court previously reversed a decision of the Commissioner of Social Security (the Commissioner) denying Schumacher benefits and remanded to provide clear reasons for accepting or rejecting the opinions of Larry Standing, DO; to properly evaluate Schumacher's subjective complaints; and to determine her residual functional capacity (RFC) based on all of the relevant evidence. AR 1254-55. On remand from this court, the administrative law judge (ALJ), Eric S. Basse, found Schumacher had the RFC to perform other work and was therefore not disabled. AR 1134, 1141. Schumacher appeals, arguing that the ALJ erred in weighing Dr. Standing's medical opinion and that the ALJ's RFC determination is not supported by some medical evidence. I recommend **affirming** the ALJ's decision.

## I. BACKGROUND[1]

Schumacher filed an application for DI benefits on February 4, 2011, alleging she

---

[1] For a more thorough overview, see the Joint Statement of Facts (Doc. 12) and the court's previous decision (AR 1232-55).

became disabled on November 16, 2008, due to issues with her back. AR 136, 194. It was ultimately determined that Schumacher was last insured on March 31, 2010, making the relevant time period for Schumacher to establish disability November 16, 2008, to March 31, 2010. AR 16, 21, 40-41, 1142. In an opinion that followed the familiar five-step process outlined in the regulations,[2] the ALJ found that Schumacher suffered from severe impairments of degenerative disc disease and mild carpal tunnel syndrome, which did not meet or equal a listing, and determined that Schumacher had the RFC to perform past relevant work as a hospital administrator as well as other work and was therefore not disabled. AR 16-21. In determining Schumacher's RFC, the ALJ gave little weight to Dr. Standing's January 2013 treating-source opinion regarding Schumacher's physical RFC. AR 19. The ALJ gave great weight to the opinions of state agency medical consultants Matthew Byrnes, DO, and Laura Griffith, DO, as well as to state agency psychiatric consultants Sandra Davis, PhD, and Myrna Tashner, EdD. *Id*.

On appeal, this court[3] reversed the ALJ's decision. AR 1232-55. The court held that the ALJ failed to provide clear reasons for accepting or rejecting Dr. Standing's RFC opinion, erred in evaluating Schumacher's subjective complaints,[4] and failed to base the RFC determination on all relevant evidence. AR 1254-55. The court ordered the ALJ, on remand, to "provide clear reasons for accepting or rejecting Dr. Standing's opinions and support [the ALJ's] reasons with evidence from the record." AR 1254. The court further stated "the ALJ must also make his RFC determination based on all of the relevant

---

[2] "The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment is or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work." *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009); *see also* 20 C.F.R. § 404.1520(a)(4). The burden of persuasion lies with the claimant to prove disability. *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005).

[3] The Honorable Jon S. Scoles by consent (AR 1223 n.1), then Chief United States Magistrate Judge for the Northern District of Iowa, who retired on December 31, 2016.

[4] In this appeal, Schumacher does not challenge the ALJ's consideration of her subjective complaints. *See* Doc. 13.

evidence, again, including the opinions of Dr. Standing and a proper evaluation of Schumacher's subjective allegations of pain and disability." AR 1255.

After remand from this court, the ALJ held a second video hearing on March 30, 2016. AR 1156-58. The ALJ acknowledged the medical evidence included Exhibits 1F through 37F (AR 270-1120, 1344-1840). AR 1159. The record also included Exhibit 38F (AR 1841-76), which consisted of therapy records from October 2010 through September 2013. AR 1149. The ALJ issued a revised opinion on June 2, 2016, in which the ALJ again found during the relevant time period, Schumacher suffered from severe impairments of degenerative disc disease and mild carpal tunnel syndrome that did not meet or equal a listing. AR 1133-34. The ALJ determined Schumacher had the RFC:

> to perform light work . . . except: She was able to only occasionally climb, balance, stoop, kneel, crouch and crawl; never climb ladders, ropes, or scaffolds; frequently handle and finger bilaterally with the upper extremities; and she should avoid vibration and vibrating tools.

AR 1134. In making this determination, the ALJ did not fully credit Schumacher's subjective complaints and gave little weight to Dr. Standing's January 2013 opinion. AR 1134-1140. The ALJ gave only some weight to the state agency consultants' opinions (as opposed to the great weight given these opinions in the original opinion) because they were based on a review of records that did not cover the entire period in question. AR 19, 1140. The ALJ concluded that based on the RFC determination, Schumacher could not perform any past relevant work, but that she could perform other work that exists in the national economy and that she was not disabled. AR 1140-42.

The ALJ's decision became the final decision of the Commissioner on August 7, 2017, when the Appeals Council denied Schumacher's request for further review (AR 1121). *See* 20 C.F.R. § 404.981. Schumacher filed a timely complaint in this court (Doc. 1) on September 22, 2017. *See* 20 C.F.R. § 422.210(c). The parties briefed the issues (Docs. 13, 16), and the Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa, referred this case to me for a Report and Recommendation.

## II. DISCUSSION

A court must affirm the ALJ's decision if it "is supported by substantial evidence in the record as a whole." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Kirby*, 500 F.3d at 707. The court "do[es] not reweigh the evidence or review the factual record de novo." *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994). If, after reviewing the evidence, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, [the court] must affirm the decision." *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992).

Schumacher argues the ALJ erred by failing to give Dr. Standing's opinion controlling weight or at least great weight. *See* Doc. 13. Schumacher further argues the ALJ's RFC determination is not supported by some medical evidence. *See id.* I will address these arguments in turn.

### A. Dr. Standing's Opinion

When determining a claimant's RFC, the ALJ considers medical opinions "together with the rest of the relevant evidence." 20 C.F.R. § 404.1527(b).[5] The ALJ considers the following factors to determine the weight to assign the opinion:

> (1) whether the source has examined the claimant; (2) the length, nature, and extent of the treatment relationship and the frequency of examination;

---

[5] The Social Security Administration adopted new regulations for evaluating medical opinions that went into effect on March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). Rather than stating that these rules are not retroactive (its usual practice), the Social Security Administration issued two sets of new regulations, one governing claims filed on or after March 27, 2017, and one governing claims filed before that date, which are substantively the same as the old rules. *See, e.g.*, 20 C.F.R. §§ 404.1527, 404.1520c. The Eighth Circuit has cited to both the old rules, *see Gates v. Comm'r, Soc. Sec. Admin.*, 721 F. App'x 575, 576 n.2 (8th Cir. 2018) (per curiam), and the new rules, *see Chesser v. Berryhill*, 858 F.3d 1161, 1164 (8th Cir. 2017). As it makes no

> (3) the extent to which the relevant evidence, "particularly medical signs and laboratory findings," supports the opinion; (4) the extent to which the opinion is consistent with the record as a whole; (5) whether the opinion is related to the source's area of specialty; and (6) other factors "which tend to support or contradict the opinion."

*Owen v. Astrue*, 551 F.3d 792, 800 (8th Cir. 2008) (quoting the current 20 C.F.R. § 404.1527(c). The ALJ must give controlling weight to a treating-source opinion if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). "Whether the ALJ gives the opinion of a treating [source] great or little weight, the ALJ must give good reasons for doing so." *Reece v. Colvin*, 834 F.3d 904, 909 (8th Cir. 2016).

In this case, Dr. Standing opined in January 2013[6] that Schumacher could only sit for twenty minutes and stand for ten minutes at a time and would need to shift positions (from sitting, standing, and walking) at will. AR 952. Dr. Standing found that during an eight-hour work day, Schumacher could sit a total of six hours and stand or walk a total of four hours, but that she would need to walk around every ten minutes. *Id*. He also found that Schumacher would need unscheduled breaks of ten minutes in length every hour or two. AR 952-53. Dr. Standing indicated Schumacher would need to hold onto furniture or a wall in order to stand or walk. AR 953. Dr. Standing imposed lifting restrictions, finding Schumacher could lift ten pounds occasionally, but never twenty pounds or more. *Id*. Dr. Standing also opined that Schumacher would miss work more

---

substantive difference, for ease, rather than citing to both sets of rules, I cite only to the new regulations contained in the 2018 Code of Federal Regulations.

[6] The relevant period in this case is November 16, 2008, to March 31, 2010. *See* AR 1131, 1133. I recognize that a provider may issue an RFC opinion at a later date after the relevant time period. *See Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990). It is not clear, however, that Dr. Standing's opinion in this case opined only to limitations that existed during the relevant period.

5

than three times per month. AR 954. When asked what "clinical findings and objective signs" support his opinion, Dr. Standing listed decreased range of motion. AR 950.

The ALJ recognized a treating-source opinion is generally entitled to substantial weight but ultimately gave little weight to Dr. Standing's opinion after finding it was inconsistent with Dr. Standing's treatment records and treatment records from other providers. AR 1139. The ALJ outlined the records from each visit Schumacher had with Dr. Standing related to back pain during the relevant period, in addition to the results of radiographic and MRI evaluations (which Dr. Standing did not rely upon in forming his opinion) and treatment records from other providers. AR 1135-38. The ALJ acknowledged that Schumacher suffered from degenerative disc disease and mild carpal tunnel syndrome but found that overall, Dr. Standing's treatment records did not support the severity of limitations contained in his January 2013 opinion. AR 1139-40. "An ALJ may discount a treating physician's opinion when it is inconsistent with the physician's treatment notes." *Gates v. Berryhill*, 721 F. App'x 575, 576 (8th Cir. 2018) (treating physician's opinion not entitled to controlling weight where physician's treatment notes made no mention of limitations in claimant's ability to sit or walk and showed claimant described pain as moderate and that prescription medication helped); *see also Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012) (ALJ may properly discount opinion that contains limitations that were not included in the physician's treating notes and were not corroborated through objective medical testing). Overall, the record supports the ALJ's finding that Dr. Standing's opinion is inconsistent with his own treatment records. *See* AR 274, 288-96, 298-99. In particular, Dr. Standing's treatment records do not indicate Schumacher had difficulties sitting or standing, nor that she needed assistance (such as hanging onto furniture or the wall, *see* AR 953) to stand or walk. AR 274, 288-96, 298-99. In addition, Schumacher saw Dr. Standing on other occasions (for issues unrelated to her back pain), and treatment records from those visits make no mention of Schumacher having issues based on her pain. *See* AR 275-76, 300-

01; *see also* 285-87 (seen for flu-like symptoms with brief mention she reported ongoing pain).

The ALJ also found that references to spinal tenderness contained in Dr. Standing's treatment notes were based on subjective complaints. AR 1139-40. The ALJ provided no further analysis as to why he believed Dr. Standing's tenderness findings were based on Schumacher's subjective complaints, as opposed to objective observations. *Id.* The regulations define objective medical evidence as signs "that can be observed, apart from . . . statements." 20 C.F.R. § 404.1502(f)-(g). A finding of tenderness could be based on a patient's complaints, *see, e.g., Miller v. Colvin*, No. 12-3221-CV-S-REL-SSA, 2013 WL 3990740, at *25 (W.D. Mo. Aug. 5, 2013), but it could also be based on the provider's observations of the patient upon palpation or other examination, *see, e.g.*, *Farrar v. Colvin*, No. 1:15 CV 116 ACL, 2016 WL 5405406, at *7 (E.D. Mo. Sept. 28, 2016); *see also Mousseau v. Barnhart*, 119 F. App'x 18, 21 (8th Cir. 2004) (noting objective medical evidence included finger and joint tenderness); *Driggins v. Bowen*, 791 F.2d 121, 124 (8th Cir. 1986) (noting objective medical evidence included evidence of "tenderness in the fourth and fifth vertebrae").[7] Dr. Standing's findings of tenderness are included under the heading for the objective portion of his examination. *See* AR 294, 316, 623, 627, 631, 635, 649. Moreover, he used language suggesting that his tenderness findings are based on his observations of Schumacher—for example, he noted that she "exhibit[ed]" tenderness. *Id.* The ALJ's and the Commissioner's position in the briefing seems to be that tenderness is never an objective finding. *See also* AR 1248 (prior district court opinion cites treatment notes reflecting spine and back tenderness as support for Dr. Standing's opinion).[8] Nevertheless, it is unclear what

---

[7] Schumacher's own treatment records include a perfect illustration of this point: during an emergency room visit in August 2015, a provider noted that Schumacher had "subjective tenderness per palpation," but "no apparent discomfort with distraction" (i.e., subjective tenderness but not objective tenderness). AR 1593.

[8] I agree with the Commissioner (Doc. 16 at 13) that the Social Security Rulings cited by Schumacher in support of her argument that findings of tenderness *always* constitute objective

7

significance, if any, the ALJ assigned to Dr. Standing's tenderness findings because they were based on Schumacher's subjective complaints. AR 1138-39 ("The undersigned is aware that the claimant has been shown by multiple examination reports of Dr. Standing to be with evidence for tenderness to her cervical and lumbosacral spine. However, it cannot be ignored that such a finding is subjective.").

Moreover, Dr. Standing's treatment records, when viewed as a whole, support the ALJ's finding of inconsistency with the severe limitations he imposed. Schumacher saw Dr. Standing only five times for back pain during the relevant period (on June 5, June 30, July 23, August 21, and September 9, 2009). *See Winn v. Comm'r, Soc. Sec. Admin.*, 894 F.3d 982, 985-86 (8th Cir. 2018) (affirming ALJ's decision giving limited weight to treating-source RFC opinion based in part on the claimant's "limited treatment history" after a certain date); *see also Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015) (suggesting that medical records that showed a conservative treatment history, normal objective test results, and a failure to seek treatment for long periods were inconsistent with disabling limitations). Relatedly, I note (as did the ALJ) that although Schumacher claims she became disabled on November 16, 2008, she did not see Dr. Standing about her back pain until mid-2009. *See* AR 1135.

The sole objective finding Dr. Standing cited as support for his RFC opinion was Schumacher's decreased range of motion (he did not cite tenderness). The ALJ noted Dr. Standing's treatment notes "lacked specificity" regarding restrictions in Schumacher's range of motion. AR 1139. The record shows that Dr. Standing, at times, noted some decreased or "abnormal" range of motion, although he did not specify the degree of limitation. *See* AR 283 ("decreased range of motion of the neck and low back" without further explanation), 290 ("abnormal" posture with normal gait, and "abnormal"

---

evidence (Doc. 13 at 14) do not apply in this case. *See* SSR 12-2p, 2012 WL 3104869 ("Evaluation of Fibromyalgia"); SSR 99-2p, 1999 WL 271569 ("Evaluating Cases Involving Chronic Fatigue Syndrome"), rescinded and replaced by SSR 14-1p, 2014 WL 1371245 ("Evaluating Claims Involving Chronic Fatigue Syndrome").

8

Case 6:17-cv-02055-LRR-KEM    Document 20    Filed 12/10/18    Page 8 of 11

neck range of motion, and back rotation, extension, and bending), 294 ("abnormal" posture with normal gait, and "abnormal" flexion, extension, rotation, and bending). As the ALJ noted, other treatment records from the relevant time period evince no range-of-motion deficits. *See* AR 893-96 (record from Richard Frankhauser, MD, lacks indication of reduced range of motion or issues with functioning); 994-96 (record from Steven Tarr, MD, reflects full range of motion in July 2009); 1002 (record from Brian Sires, MD, shows normal range of motion in cervical spine and other normal results during physical examination); 968 (notation from Pat Bischoff, ANRP, shows crepitation and spasm in cervical spine, but no limitation in range or motion, negative straight leg raise test, and normal strength); 338 (record from Robert Grittman, DO, shows negative Tinel's test and equal grip). Accordingly, the ALJ could properly find Dr. Standing's opinion was not supported by his treatment notes and was inconsistent with other medical evidence in the record. *See Stormo v. Barnhart*, 377 F.3d 801, 805-06 (8th Cir. 2004) (opinions from treating sources may be "given less weight if they are inconsistent with the record as a whole").

I find the ALJ provided clear and proper reasons for giving little weight to Dr. Standing's January 2013 opinion. I further find that the ALJ's decision to give the opinion little weight is supported by substantial evidence.

### B. Some Medical Evidence

When determining a claimant's RFC, the ALJ must consider "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The ALJ's RFC determination must be supported by at least some medical evidence that "addresses the claimant's ability to function in the workplace." *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) (quoting *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001)). In this case, Schumacher argues the ALJ's RFC determination is not supported by some medical evidence because it relies on

9

opinions from non-examining state-agency consultants, who did not review the entirety of the relevant record.  Doc. 13 at 16-17.

The ALJ in this case properly weighed Dr. Standing's opinion (discussed above). The ALJ also considered opinions from state agency consultants, including Dr. Byrnes during the initial review and Dr. Griffith on reconsideration.  AR 1140.  The state agency consultants based their opinions on a relevant period ending March 21, 2009 (rather than 2010).  *See* AR 347, 371.  Dr. Byrnes, however, discussed evaluations and treatment records from after that date in his assessment.  AR 354.  Similarly, Dr. Griffith, recognizing additional medical evidence beyond that period, found the additional evidence "does not change the previous RFC."  AR 371.  The ALJ recognized the limitation of records reviewed by the consultants and gave only some weight to their opinions, but ultimately found the opinions were consistent with the record reviewed. AR 1140.

The ALJ's opinion demonstrates that in determining Schumacher's RFC, the ALJ fully considered the opinions from Dr. Standing and the state agency consultants.  The ALJ, despite giving reduced weight to each of the medical opinions, restricted Schumacher to performing light work (AR 1134), which was supported by the state agency consultants' opinions (*see* AR 348, 371).  Indeed, the ALJ imposed a greater limitation than that found by Dr. Byrnes and Dr. Griffith regarding exposure to vibration. *Compare* AR 1134 (limitation to avoid vibrations included in RFC determination), *with* AR 351, 371 (no limitation for vibration in state agency consultants' opinions).  In addition, the ALJ's opinion shows he fully considered the overall medical record (including test results and treatment notes from Dr. Standing and other providers) and Schumacher's subjective complaints.  AR 1135-39.  Overall, the record supports the ALJ's RFC determination, and it is supported by some medical evidence.  *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1023-24 (8th Cir. 2002) (holding that some medical evidence supported the ALJ's RFC determination when he rejected the treating source's RFC opinion and relied on the opinion of a consulting physician and an independent review of

the medical evidence); *see also Kruger v. Colvin*, No. C13-3036-MWB, 2014 WL 1584411, at *10 (N.D. Iowa Apr. 21, 2014), *report and recommendation adopted by* 2014 WL 2884038 (N.D. Iowa June 25, 2014) ("other medical evidence" such as treatment notes supported RFC determination); *Becherer v. Colvin*, No. 4:12CV2356 ACL, 2014 WL 4230906, at *13 (E.D. Mo. Aug. 26, 2014) (remand is not required when "no medical evidence in the record support[s] any greater limitations than those found by the ALJ"); *Symens v. Colvin*, No. CIV 13-3006-RAL, 2014 WL 843260, at *26 (D.S.D. Mar. 4, 2014) (holding that remand is not required when "the ALJ engaged in an extensive review of the medical evidence. . . . [that] supported the ALJ's" RFC and "was also consistent with the reports from the" nonexamining state agency consultants).

### III. CONCLUSION

I respectfully recommend that the decision of the Social Security Administration be **affirmed** and that judgment be entered in favor of the Commissioner.

Objections to this Report and Recommendation must be filed within fourteen days of service in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein. *See United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**DONE AND ENTERED** this 10th day of December, 2018.

_____
Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa