# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

DENYSE M. SCHUMACHER,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 17-CV-2055-LRR

**ORDER**

*I.     INTRODUCTION..................................................................1*
*II.    RELEVANT PROCEDURAL HISTORY................................................1*
*III.   STANDARD OF REVIEW..........................................................2*
    *A.    Review of Final Decision..................................................2*
    *B.    Review of Report and Recommendation.......................................3*
*IV.    OBJECTIONS..................................................................4*
    *A.    Dr. Standing's Opinions...................................................5*
    *B.    RFC Assessment............................................................7*
*V.     CONCLUSION.................................................................10*

## I. INTRODUCTION

The matter before the court is Plaintiff Denyse M. Schumacher's Objections (docket no. 21) to United States Chief Magistrate Judge Kelly K.E. Mahoney's Report and Recommendation (docket no. 20), which recommends that the court affirm Defendant Commissioner of Social Security's ("Commissioner") final decision to deny disability benefits to Schumacher.

## II. RELEVANT PROCEDURAL HISTORY

On September 22, 2017, Schumacher filed a Complaint (docket no. 1), seeking judicial review of the Commissioner's final decision denying Schumacher's application for

Title II disability insurance benefits. On December 21, 2017, the Commissioner filed an Answer (docket no. 6). On March 22, 2018, Shumacher filed the Plaintiff's Brief (docket no. 13). On May 18, 2018, the Commissioner filed the Defendant's Brief (docket no. 16). On May 31, 2018, the matter was referred to Judge Mahoney for issuance of a report and recommendation. On December 10, 2018, Judge Mahoney issued the Report and Recommendation. On December 24, 2018, Schumacher filed the Objections. The matter is fully submitted and ready for decision.

### III. STANDARD OF REVIEW

#### A. Review of Final Decision

The Commissioner's final determination not to award disability insurance benefits is subject to judicial review. *See* 42 U.S.C. § 405(g). The court has the power to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." *Id*. The Commissioner's factual findings shall be conclusive "if supported by substantial evidence." *Id*. "The court 'must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.'" *Bernard v. Colvin*, 774 F.3d 482, 486 (8th Cir. 2014) (quoting *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006)). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Fentress v. Berryhill*, 854 F.3d 1016, 1019-20 (8th Cir. 2017) (quoting *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007)).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [administrative law judge ("ALJ")], but [it] do[es] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers "both evidence that detracts from the Commissioner's decision, as well as evidence that supports it." *Fentress*, 854 F.3d at 1020; *see also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (providing that review of the Commissioner's

decision "extends beyond examining the record to find substantial evidence in support of the [Commissioner's] decision" and noting that the court must also "consider evidence in the record that fairly detracts from that decision"). The Eighth Circuit Court of Appeals explained this standard as follows:

> This standard is "something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal."

*Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quoting *Turley v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991)). The court "will not disturb the denial of benefits so long as the ALJ's decision falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). "An ALJ's decision is not outside the zone of choice simply because [the court] might have reached a different conclusion had [the court] been the initial finder of fact." *Id*. (quoting *Bradley*, 528 F.3d at 1115). Therefore, "even if inconsistent conclusions may be drawn from the evidence, the [Commissioner's] decision will be upheld if it is supported by substantial evidence on the record as a whole." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *see also Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016) (providing that a court "may not reverse simply because [it] would have reached a different conclusion than the [Commissioner] or because substantial evidence supports a contrary conclusion").

### B. *Review of Report and Recommendation*

The standard of review to be applied by the court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that, when a party properly objects to a report and recommendation on a dispositive motion, a district court must review de novo the magistrate judge's recommendation). The Eighth Circuit has repeatedly held that it is reversible error for a district court to fail to conduct a de novo review of a magistrate judge's report and recommendation when such review is required. *See, e.g.*, *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to object to any portion of a magistrate judge's report and recommendation, he or she waives the right to de novo review. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994). The United States Supreme Court has stated that "[t]here is no indication that Congress, in enacting § 636(b)(1)[ ], intended to require a district judge to review a magistrate's report to which no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 152 (1985). However, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under de novo or any other standard." *Id*. at 154.

### IV. OBJECTIONS

In the Objections, Schumacher argues that: (1) Judge Mahoney erred in finding that the ALJ properly weighed Dr. Standing's opinions; and (2) Judge Mahoney erred in concluding that the ALJ's residual functional capacity ("RFC") determination is supported by substantial evidence. *See* Objections 2-6. After conducting a de novo review of the objected-to portions of the Report and Recommendation and the Administrative Record

4

("AR") (docket nos. 7-1 through 7-10 and 8-1 through 8-12), the court shall overrule the Objections.

### A. Dr. Standing's Opinions

Schumacher objects to Judge Mahoney's finding that "the ALJ provided clear and proper reasons for giving little weight to Dr. Standing's January 2013 opinion" and her conclusion that, "the ALJ's decision to give the opinion little weight is supported by substantial evidence." Report and Recommendation at 9. Schumacher argues that "[t]he [Report and Recommendation's] support of the ALJ's approach and attempt to further bolster the ALJ's rationale with examination findings the ALJ had not relied on was error." Objections at 3.

"The opinion of a treating physician is generally afforded 'controlling weight if that opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" *Chesser v. Berryhill*, 858 F.3d 1161, 1164 (8th Cir. 2017) (quoting *Wildman*, 596 F.3d at 964). "Although a treating physician's opinion is entitled to great weight, it does not automatically control or obviate the need to evaluate the record as a whole." *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). The ALJ may discount or disregard a treating physician's opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. *See Hamilton v. Astrue*, 518 F.3d 607, 610 (8th Cir. 2008). When an ALJ discounts a treating physician's opinion, he or she "must 'give good reasons' for doing so." *Chesser*, 858 F.3d at 1164 (quoting *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012)). "Good reasons for assigning lesser weight to the opinion of a treating source exist where 'the treating physician's opinions are themselves inconsistent,' *Cruze* [*v. Chater*], 85 F.3d [1320,] 1325 [(8th Cir. 1996)], or where 'other medical assessments are supported by better or more thorough medical evidence,' *Prosch* [*v. Apfel*], 201 F.3d [1010,] 1012 [(8th Cir. 2000)]."

5

*Id*.

In the decision, the ALJ throughly reviewed Dr. Standing's treatment records for Schumacher during the relevant time period for establishing whether Shumacher was disabled. *See generally* AR at 1135-38. The ALJ also thoroughly reviewed the treatment records of other physicians who treated Schumacher during that time period. *See id*. In evaluating Dr. Standing's opinions, the ALJ also reviewed Dr. Standing's January 2013 disability statement for Schumacher. *See id*. at 1139. The ALJ explained his reasons for granting "little weight" to Dr. Standing's opinions as follows:

> Although the opinion of a treating source regarding [Schumacher's] limitations is entitled to substantial weight, such an opinion is not conclusive and must be supported by the objective record. In the present case, the undersigned finds the level of limitation advanced by this physician to be overly excessive. Although [Schumacher's] treating notes were positive for degenerative disc disease, the record of examinations conducted in the period relevant to this decision have failed to evidence any findings of a severity supportive of the level of limitation advanced by Dr. Standing. To this end, it is noted [Schumacher] was shown by examinations conducted between her alleged onset date and date last insured to be with negative straight leg raises and a normal gait. The undersigned notes further that there is no evidence by records submitted for this period for significant reduction in range to [Schumacher's] spine or any significant deficits of motor or sensory functioning. The undersigned is aware the records of Dr. Standing indicate [Schumacher] to be with evidence for a restricted range to her cervical and lumbar spine. However, it cannot be ignored that the records of Dr. Standing's examinations lack specificity as to the exact degree of such limitation and that two other doctors, Steven Tarr and Brian Sires, each noted [Schumacher] to be with a full and/or normal range to at least her cervical spine during the priod relevant to this decision. The undersigned is aware that [Schumacher] has been shown by multiple examination reports of Dr. Standing to be with evidence for tenderness to her cervical and

6

> lumbosacral spine. However, it cannot be ignored that such a finding is subjective. The undersigned is aware that [Schumacher] has been shown to be with positive Tinel's and Phalen's signs, as well as evidence by EMG/NCV for "mild" carpal tunnel syndrome. However, the above findings cannot be considered absent fact that [Schumacher] longitudinally has been shown to be with evidence for intact strength to the upper extremities, to include for grip. While there is isolated evidence by examination of July 23, 2009 for some diminishment in the strength of [Schumacher's] upper extremities for grip, the undersigned notes it cannot be ignored that the decrease for strength was not that great with [Schumacher] still possessing 4/5 strength.

*Id*. at 1139-40.

Having reviewed the entire record, the court finds that the ALJ properly considered and weighed the opinion evidence provided by Dr. Standing. The ALJ articulated good reasons for discounting the opinions of Dr. Standing, and for finding Dr. Standing's opinions to be inconsistent with the record as a whole. *See Chesser*, 858 F.3d at 1164 (requiring an ALJ to give good reasons for discounting the opinions of a treating source, including discounting a treating source opinion "where the treating physician's opinions are themselves inconsistent"). Even if inconsistent conclusions could be drawn on this issue, the court upholds the conclusions of the ALJ because they are supported by substantial evidence on the record as a whole. *See Guilliams*, 393 F.3d at 801. Accordingly, the court shall overrule this objection.

### B. RFC Assessment

Schumacher objects to Judge Mahoney's conclusion that "[o]verall the record supports the ALJ's RFC determination, and it is supported by some medical evidence." Report and Recommendation at 10. Schumacher argues that Judge Mahoney mishandled the RFC issue because "[t]he [Report and Recommendation] did not notice the ALJ, through the Disability Determination Services, had ordered a consultative examination, or

7

the consultative examination report and opinions" and the ALJ's failure to address the consultative report and opinions. Objections at 4-5.

When an ALJ determines that a claimant is not disabled, he or she concludes that the claimant retains the RFC to perform a significant number of other jobs in the national economy that are consistent with the claimant's impairments and vocational factors such as age, education and work experience. *See Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998). The ALJ is responsible for assessing a claimant's RFC, and his or her assessment must be based on all of the relevant evidence. *See Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017). Relevant evidence for determining a claimant's RFC includes "medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Id*. (quoting *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004)). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Id*. (quoting *Steed v. Astrue*, 524 F.3d 872, 875 (8th Cir. 2008)).

Additionally, an ALJ "has a duty to fully and fairly develop the evidentiary record." *Byes v. Astrue*, 687 F.3d 913, 915-16 (8th Cir. 2012); *see also Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) ("A social security hearing is a non-adversarial proceeding, and the ALJ has a duty to fully develop the record."). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008).

The ALJ thoroughly addressed and considered Schumacher's medical and treatment history. *See* AR at 1135-38, 1140 (providing a thorough discussion of Schumacher's overall medical history and treatment for the relevant time period). The ALJ also properly considered and thoroughly addressed Schumacher's subjective allegations of disability in

making her overall disability determination, including determining Schumacher's RFC. *See id*. at 1135, 1138-39 (providing a thorough review of Schumacher's subjective allegations of disability). Therefore, having reviewed the entire record, the court finds that the ALJ properly considered Schumacher's medical records, observations of treating physicians and Schumacher's own description of her limitations in making the RFC assessment for Schumacher. *See id.* at 1135-40 (providing a thorough discussion of the relevant evidence for making a proper RFC determination); *see also Combs*, 878 F.3d at 646 (explaining what constitutes relevant evidence for assessing a claimant's RFC). Furthermore, the court finds that the ALJ's decision is based on a fully and fairly developed record. *See Byes*, 687 F.3d at 915-16. Because the ALJ considered the medical evidence as a whole, the court concludes that the ALJ made a proper RFC determination supported by the medical evidence. *See Combs*, 878 F.3d at 646; *Guilliams*, 393 F.3d at 803.

Schumacher's argument that "[r]emand is warranted solely on the ALJ's failure to address the [November 2015] examining physician's opinions" is without merit. Objections at 4. Schumacher correctly points out that, after this case was remanded for further proceedings in August 2015, a consultative examination was ordered. *See* AR at 1346. While, the consultative examination report and opinions provides a short recitation of Schumacher's medical history, *see id*. at 1349, the focus of the report was an assessment of Schumacher's functional abilities in November 2015. *Id*. at 1350-51. Further, the report does not address or provide any opinions with regard to Schumacher's functional abilities during the relevant time period, November 2008 to March 2010. Therefore, the report and opinions contained therein had little relevance to the ALJ's determination of whether Schumacher was disabled during the relevant disability time period of November 2008 to March 2010. While some discussion of the 2015 consultative examination may have provided a more thorough decision, "[a]n arguable deficiency in

9

opinion writing that had no practical effect on the decision . . . is not a sufficient reason to set aside the ALJ's decision." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (second alteration in original) (quoting *Welsh v. Colvin*, 765 F.3d 926, 929 (8th Cir. 2014)).

Because the ALJ made a proper RFC determination, the court shall overrule the objection.

## VI. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1) The Objections (docket no. 21) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 20) is **ADOPTED** and the final decision of the Commissioner is **AFFIRMED**; and

(3) The Complaint (docket no. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED** this 23rd day of January, 2019.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA